COTTLE *v.* KREMENTZ and others.

(*Circuit Court, S. D. New York.* May 13, 1887.)

PATENTS FOR INVENTIONS—PATENTABILITY—NOVELTY—COLLAR AND SLEEVE BUTTONS.

Letters patent No. 202,412, dated April 16, 1878, to Shubael Cottle, for improvement in collar and sleeve buttons, contained two claims,—one for the making of such buttons by striking up the post from the back, forming them in one piece, thickening the post at the base for strength, and soldering the head to the post; the other for the button, whose tubular back and post are formed in one piece, and having the metal thickened at the base of the post. *Held*, that the first claim was patentable for novelty in method of construction, but that the claim for the button itself was not.

In Equity. Bill for infringement of letters patent.
*W. H. L. Lee*, for orator.
*Frederic H. Betts* and *J. E. Hindon Hyde*, for defendants.

WHEELER, J. This cause rests upon patent for invention No. 202,412, dated April 16, 1878, issued to the orator for an improvement in the construction of collar and sleeve buttons. The specification describes the making of such buttons by striking up the post from the back, forming them in one piece, thickening the post at the base for strength, and soldering the head to the post. There are two claims,—one for the improved process of constructing the button; and the other for the button, whose tubular post and back are formed in one piece, and having the metal thickened at the base of the post. The defendants' buttons are formed wholly in one piece, but without using the orator's process. The patent describes the prior method of making such buttons, which was to make the head, back, and post separately, and then unite them by soldering them together; and their defects, which were that frequently they were imperfectly united. When well made, they were not essentially different in form or function from those made according to the patent, or those of the defendants. The thickening of the post at the base is not material. They were generally strong enough there before; but, if not, the strengthening of them at that place would be too obvious to support a patent for doing that. The orator invented a mode of making such buttons which was new and very useful, and for which he deservedly had a patent; but the buttons, when made, were not new, except that they were made by that new mode. For them there was no ground for a patent. In the old buttons the post and back were not formed of one piece, but when they had been united, and become, with the head, a button, they were of one piece for the purposes of the button, as much as if they had always been in one piece. The thing patented in this part of the patent was not new, and this part of the patent is, apparently, invalid on that account. *The Wood Paper Patent*, 23 Wall. 563; *Cochrane* v. *Badische Anilin & Soda Fabrik*, 111 U. S. 293, 4 Sup. Ct. Rep. 455; *McKloskey* v. *Du Bois*, 8 Fed. Rep. 710, and 9 Fed. Rep. 38; *McCloskey* v. *Hamill*, 15 Fed. Rep. 750.

Let a decree be entered dismissing the bill of complaint, with costs.